FILED
United States Court of Appeals
Tenth Circuit

June 23, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALFONSO RUBIO-AYALA,
a/k/a Paisa, a/k/a Poncho,

Defendant-Appellant.

No. 11-3041
(D.C. No. 5:09-CR-40041-JAR-2)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **MURPHY**, and **HOLMES**, Circuit Judges.

---

The government has moved to enforce the plea agreement it entered into

with Alfonso Rubio-Ayala. Mr. Rubio-Ayala pleaded guilty, pursuant to a plea

agreement, to conspiracy to possess with intent to distribute 500 or more grams of

methamphetamine in violation of 21 U.S.C. § 846, with reference to 21 U.S.C.

§ 841(b)(1)(A) and 18 U.S.C. § 2. Under the terms of the plea agreement, he

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

waived his right to appeal any matter concerning his prosecution, conviction, or sentence, if the sentence imposed by the district court was within the guideline range determined by the court to be appropriate. The court sentenced Mr. Rubio-Ayala to life imprisonment, the maximum sentence under the guideline range. Despite the appeal waiver contained in the plea agreement, he filed a notice of appeal.

The government moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). *Hahn* requires enforcement of an appeal waiver if (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) Mr. Rubio-Ayala "knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id.* at 1325.

In responding to the government's motion to enforce, Mr. Rubio-Ayala's court-appointed counsel essentially conceded the *Hahn* factors. Mr. Rubio-Ayala's family and/or friends, however, secured retained counsel, who filed a motion to strike this response and for permission to file a new response within no less than thirty days from the date of an order striking the initial response. Reserving a ruling on the motion to strike, we granted retained counsel's request to file a new response within thirty days.[1] And we later granted

_____

[1] Counsel represented that with a deadline of no less then thirty days, he would confer with Mr. Rubio-Ayala, completely review the record, and prepare
(continued...)

court-appointed counsel's motion to withdraw. Through retained counsel, Mr. Rubio-Ayala filed a second response.

In that response, Mr. Rubio-Ayala initially argues that the motion to enforce is premature. He contends that retained counsel had not had time to obtain or review the record and, after counsel does so, he may want to make arguments concerning the *Hahn* factors. Mr. Rubio-Ayala believes that he should be able to raise in his appellate brief any challenges to the appeal waiver itself or to the knowingness and intelligence of the plea and an assertion that a miscarriage of justice has occurred. We reject this argument. One purpose of an appellate waiver is to save the government from the cost of prosecuting an appeal. *See Hahn*, 359 F.3d at 1325. To declare the motion premature goes against that purpose, as well as Tenth Circuit Rule 27.2(A)(1)(d), which permits a motion to enforce an appeal waiver, and *Hahn's* ruling that the government is not required to brief an appeal until after its motion to enforce is ruled upon, *Hahn*, 359 F.3d at 1328. Thus, the government's motion to enforce the appeal waiver does not prematurely seek to resolve this appeal. Counsel's failure to obtain or review the record does not make the government's motion to enforce premature.

---

[1](...continued)
and file a new response.

Next, Mr. Rubio-Ayala argues that the plea agreement is conflicting and ambiguous as to whether he waived his right to challenge his conviction. The appeal waiver, in relevant part, states:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentenced imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack . . . . In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

Plea Agreement at 10. Mr. Rubio-Ayala contends that although the initial sentence mentions waiver of his right to appeal his conviction and sentence and the second sentence notes the rights he is waiving, including his right to appeal his conviction and sentence, the remainder of the language only addresses a waiver of his right to appeal his sentence. According to Mr. Rubio-Ayala, this ambiguous language should be construed against the government and he should be allowed to challenge his guilty plea on due process or Federal Rule of Criminal Procedure 11 grounds. Contrary to Mr. Rubio-Ayala's assertion, however, we conclude that the language is not ambiguous, as it clearly states that he waived his

right to challenge his conviction and sentence on appeal. Thus, we conclude that this appeal falls within the scope of the appeal waiver.

Mr. Rubio-Ayala fails to make any specific argument concerning the second and third *Hahn* prongs. Nonetheless, we have examined the relevant parts of the record, and we summarily dispose of this appeal and the motion to enforce. *See* 10th Cir. R. 27.2(B).

Our review of the plea agreement and the change of plea hearing transcript convinces us that Mr. Rubio-Ayala entered into the plea agreement knowingly and voluntarily. *See Hahn*, 359 F.3d at 1325 (in deciding whether defendant entered plea knowingly and voluntarily, this court considers "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and whether there was adequate Rule 11 colloquy). The plea agreement states that he "knowingly and voluntarily waives any right to appeal" his conviction or sentence. Plea Agreement at 10. Further, the agreement indicates that he read it, understood it, and agreed that it was accurate, and that he had sufficient time to discuss the case with his attorney. *Id.* at 13. He admitted that he was guilty and entered into the plea agreement freely and voluntarily. *Id.* at 14. At the change of plea hearing, Mr. Rubio-Ayala testified that he understood the terms of the plea agreement, it was his decision to enter into the plea agreement, and he made that decision of his own will. Change of Plea Hr'g Tr. at 11, 14. He agreed that he had waived his appellate rights to attack his

prosecution, conviction, and sentence, with one exception regarding his sentence. *Id.* at 15, 16.

Likewise, our review of the relevant parts of the record convinces us that there was no miscarriage of justice. A miscarriage of justice results if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quotation marks omitted). The district court did not rely on an impermissible factor such as race; there is no assertion of ineffective assistance of counsel with respect to negotiation of the plea agreement, Mr. Rubio-Ayala's life sentence did not exceed the statutory maximum of life imprisonment, and nothing indicates the waiver was otherwise unlawful.

Accordingly, the motion to enforce is GRANTED, and this appeal is DISMISSED. Mr. Rubio-Ayala's motion to strike the initial response is GRANTED.

ENTERED FOR THE COURT
PER CURIAM

-6-