**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 28, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ALFONSO RUBIO-AYALA,

      Defendant - Appellant.

No. 14-3131
(D.C. No. 5:12-CV-04139-JAR and
D.C. No. 5:09-CR-40041-JAR-2)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Appellant Alfonso Rubio-Ayala seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because Mr. Rubio-Ayala has not "made a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss this appeal. *Id.* § 2253(c)(2).

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In April 2010, a federal grand jury indicted Mr. Rubio-Ayala and numerous co-defendants on more than 60 offenses. Count One accused Mr. Rubio-Ayala of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846.

The district court appointed counsel to represent Mr. Rubio-Ayala. Before trial, the Government offered numerous plea deals, which Mr. Rubio-Ayala rejected. Three days after trial commenced, the Government offered a final plea deal, which Mr. Rubio-Ayala accepted. He pled guilty to Count One, and the Government dismissed the other counts. The plea agreement provided for a sentencing range of 10 years to life. The district court accepted the plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) and sentenced him to life in prison.

We dismissed Mr. Rubio-Ayala's direct appeal. *United States v. Rubio-Ayala*, 435 F. App'x 755 (10th Cir. 2011) (unpublished). He timely filed a 28 U.S.C. § 2255 motion with the district court. He argued, among other things, ineffective assistance of counsel in violation of the Sixth Amendment because trial counsel did not adequately explain the final plea deal to him.[1]

The district court appointed new counsel and held an evidentiary hearing on April 15, 2014, to resolve contested factual issues regarding ineffective assistance. The court

---

[1] Mr. Rubio-Ayala raised other arguments in his § 2255 motion. He has failed to adequately brief those in his application for COA. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

heard testimony from Mr. Rubio-Ayala and trial counsel. It found trial counsel's testimony to be more credible.

The district court found trial counsel: (1) "communicated the various plea offers," (2) conveyed them "in a timely manner," (3) "provided all relevant facts," (4) explained the "likelihood of . . . conviction," (5) described the "consequences of proceeding to trial," (6) "adequately explained the Government's theory of liability," (7) urged Mr. Rubio-Ayala to plead as his "only chance for a reduced sentence," and (8) told him pleading "was in his best interest." App., Vol. I at 149-50. The court noted that "despite being informed of the options before him, [Mr. Rubio-Ayala] refused all offers to enter a plea before trial." *Id.* at 150.

The district court then denied Mr. Rubio-Ayala's § 2255 motion under the ineffective assistance framework set out in *Strickland v. Washington,* 466 U.S. 668 (1984). The court concluded there was no deficient performance because the agreement was read and adequately explained to Mr. Rubio-Ayala in English. The court not only rejected Mr. Rubio-Ayala's factual assertion that "he asked for, but was not provided, an interpreter for meetings with counsel," App., Vol. I at 150, it found he had "declined [trial counsel]'s offer to have an interpreter at the meetings outside the court," *id.* The court also found Mr. Rubio-Ayala had some English proficiency because he communicated with his wife in English, *id.* at 140-41, 144, and "understood and spoke English well enough to conduct multiple drug transactions over the phone," *id.* at 150. It also noted trial counsel said that Mr. Rubio-Ayala's "questions . . . and reactions" during their discussions were "relevant and appropriate, and that there was never any

indication . . . that [Mr. Rubio-Ayala] did not understand what [trial counsel] told him or that they were not communicating." *Id.* at 142.

The district court also concluded Mr. Rubio-Ayala failed to demonstrate prejudice because he had "consistently rejected *all* offers before him" and had "not credibly demonstrated that he held an intention to plead guilty prior to [trial counsel]'s alleged error." *Id.* at 151 (emphasis in original).

## II. **DISCUSSION**

To make "a substantial showing of the denial of a constitutional right" for a COA, 28 U.S.C. § 2253(c)(2), Mr. Rubio-Ayala must show "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

Mr. Rubio-Ayala argues (1) the final plea deal was not "read to him in Spanish, his primary language," (2) "at the time he did not understand English well enough to understand what he was signing," (3) his attorney rejected requests to bring in an interpreter because "they did not have sufficient time," and (4) although an interpreter was available during the plea colloquy and Mr. Rubio-Ayala said he understood what was happening then, the plea process "was all so hurried that he in fact did not understand what he was doing, or the full implications of a plea of guilty." Aplt. Br. at 6-7.

Mr. Rubio-Ayala's ineffective assistance argument challenges the district court's (A) credibility determination as to Mr. Rubio-Ayala compared to trial counsel, and (B) *Strickland* analysis.

## A.  *Credibility Determination*

We review for clear error a district court's factual findings in § 2255 proceedings. *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006).  Mr. Rubio-Ayala's and trial counsel's evidentiary hearing testimony presented two views of the facts.  The district court credited trial counsel's version.  Mr. Rubio-Ayala fails to identify evidence to undermine the district court's credibility determination, nor can we find any in the record.  *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985) (explaining we can overturn a district court's credibility determination when "[d]ocuments or objective evidence" contradicts the witness's story or the story is "so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it").  No reasonable jurist could debate the district court's credibility determination.

## B.  **Strickland** *Analysis*

"A claim for ineffective assistance of counsel presents a mixed question of fact and law, which we review de novo." *Orange*, 447 F.3d at 796.  To establish ineffective assistance of counsel, a movant must show (1) deficient performance that (2) resulted in prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).  If the movant is unable to show either "deficient performance" or "sufficient prejudice," the ineffective assistance claim "necessarily fails." *Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010) (quotations omitted).  We resolve this issue on the deficient performance element of *Strickland*.

For ineffective assistance, *Strickland* requires that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The movant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Mr. Rubio-Ayala complains the plea agreement was read to him in English, but the evidence showed he had enough English proficiency to communicate with his wife and conduct multiple drug transactions over the phone. Moreover, he rejected trial counsel's offer to have an interpreter at their meetings, competently discussed legal issues with his counsel in English, and stated during the plea colloquy that he understood the proceedings. Finally, trial counsel adequately explained the nature of the plea and informed Mr. Rubio-Ayala of the options in a timely manner.

No reasonable jurist could debate that trial counsel's performance was objectively reasonable and fell within the wide range of reasonable professional assistance.[2]

---

[2] Alternatively, Mr. Rubio-Ayala's application for COA fails because he does not demonstrate how reasonable jurists could debate the district court's prejudice determination. In the § 2255 motion, he limited his prejudice arguments to alleging trial counsel caused Mr. Rubio-Ayala "to miss an opportunity to plead guilty to a[n earlier] plea deal for a sentence of approximately 14 years." ROA, Vol. I at 118. But in his COA request, he fails to make that argument, let alone anything about how trial counsel's conduct during the final plea offer caused prejudice. *See* Aplt. Br. at 6-8.

## III. **CONCLUSION**

We deny Mr. Rubio-Ayala's application for a COA and dismiss this matter.

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge